PER CURIAM.
Michael W. Passori appeals a post-dissolution, nonfinal order granting motions for contempt, for a further restraining order for attorney’s fees and costs and for a stay of proceedings outside Dade County. Passori also appeals from the trial court’s denial of his motion for recusal. We affirm in part and reverse in part.
That portion of Judge Barad’s comprehensive order which stays all proceedings outside Dade County is error under the Revised Uniform Reciprocal Enforcement of Support Act, Chapter 88, Florida Statutes (1993), inasmuch as it purports to override the temporary order of support issued by the Marion Circuit Court on April 26, 1994 and the income deduction order of April 29, 1994. The orders require the former wife to pay $47.39 a week, retroactive to Oct. 27, 1993. In this case the minor child has lived with her father since 1990. The former wife lives out-of-state and has never paid child support. Child support is a joint obligation and the support guidelines of section 61.30, Florida Statutes (1993), presumptively establish the amount of support the trial court should order. The father can seek relief in the trial court to compel the former wife to pay the ordered support.
We find no other error with the trial court’s order.
Affirmed in part; reversed in part.